UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON RUBENSTEIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CYMABAY THERAPEUTICS, INC.,<br><br>　　Nominal Defendant,<br><br>　　and<br><br>ABINGWORTH LLP, and<br>ABINGWORTH BIOVENTURES VI LP,<br><br>　　Defendants. | No. _19-cv-3313_<br>　　(ECF Case)<br><br>COMPLAINT<br>FOR RECOVERY OF<br>SHORT-SWING PROFITS<br>UNDER 15 U.S.C. § 78p(b)<br><br>JURY TRIAL DEMANDED |

　　　　Plaintiff Aaron Rubenstein ("Plaintiff"), by his attorneys, as and for his Complaint against the Defendants, respectfully alleges the following upon information and belief, except as to Paragraph 3, which Plaintiff alleges on personal knowledge:

**NATURE OF THE ACTION**

　　　　1.　　This is an action to recover "short swing" profits under Section 16(b) of the Securities and Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b). Section 16(b) is a proscriptive strict liability statute, designed to prevent insider short swing trading by requiring all profits realized within any period of less than six months to be disgorged to the company. Statutory "insiders" – i.e., directors, officers, or more than 10% shareholders – are subject to an irrebuttable presumption of access to non-public information, and a fiduciary obligation to either refrain from short swing purchases and sales, or to disgorge their profits from trading as required by the statute.

2. To state a claim for recovery of profits under Section 16(b), a plaintiff is required to prove only that a defendant was an insider of a public company, who profited from a purchase and sale of the company's securities within a period of less than six months. The insider's actual knowledge or intent to trade within periods of less than six months is irrelevant to liability, and the mandatory disgorgement remedy is automatic and non-punitive, with no implication of any wrongdoing.

3. Kurt von Emster was a director and statutory insider of Nominal Defendant CymaBay Therapeutics, Inc. ("CymaBay" or the "Company"). Kurt von Emster was also one of the managers of Defendant Abingworth LLP ("Abingworth"), an investment advisor, and Defendant Abingworth BioVentures VI, LP ("ABV"), a fund managed by Abingworth. Because von Emster participated in managing Abingworth's CymaBay investment while serving as a director and fiduciary of CymaBay, Abingworth and ABV were attributed with von Emster's presumptive "insider" knowledge and subject to Section 16 as directors by "deputization."

4. Under von Emster's management, Abingworth and/or ABV purchased and sold CymaBay securities within a period of less than six months, as further alleged herein. As a result of these transactions, Plaintiff estimates that the Defendants realized total short swing profits of up to approximately $447,692. As of the date of this Complaint, von Emster has personally disgorged a total of $692 to the Company, which purportedly represents von Emster's individual "pecuniary interest" in short swing profits realized from proscribed trading by or on behalf of Abingworth and ABV. Plaintiff brings this action on behalf of the Company to compel Abingworth and ABV to disgorge their remaining short swing profits of up to approximately $497,000, which Defendants have collectively realized and improperly retained from trading advised by von Emster as their manager and "deputized" CymaBay director.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. §78aa.

2. Venue is correct in this District. At all times relevant, the common stock of Nominal Defendant CymaBay Therapeutics, Inc. ("CymaBay" or the "Company") was and is traded over-the-counter on the NASDAQ, a national securities exchange headquartered in the District, and through market-makers located within the District. Defendant ABV was formed and is managed by Abingworth for the principal purpose of investing in and trading U.S. securities (including CymaBay securities) on exchanges or through market makers within the District. Abingworth regularly and actively engages and solicits business, investments, and clients, in this District. Some or all of the transactions giving rise to liability as described herein occurred or were executed within this District, on exchanges and/or through market makers headquartered and located in the District.

## THE PARTIES

3. Plaintiff is a Rhode Island resident and a security owner of CymaBay.

4. Nominal Defendant CymaBay is a pharmaceutical company incorporated in Delaware, with principal offices at 7575 Gateway Blvd. Suite 110, Newark, California 94560. This action is brought in the right and for the benefit of CymaBay, which is named as a defendant solely in order to have all necessary parties before the Court.

5. Defendant Abingworth is a UK-registered investment advisor, which maintains principal headquarters at 38 Jermyn Street, London, United Kingdom SW1Y 6DN. Abingworth operates in the United States as (or through) Abingworth Management, Inc., an investment

advisor wholly owned by Abingworth, which is incorporated in Maryland and maintains U.S. offices at 3000 Sand Hill Road, Menlo Park, California 94025, and at 420 Boylston Street, Boston, Massachusetts 02116.

6. Abingworth is the investment manager for several funds, including Defendant ABV, a UK fund, and Abingworth BioEquities Master Fund Limited ("ABMF"), a Cayman Islands fund. (ABV and ABMF are collectively referred to herein as the "Abingworth Funds"). Abingworth invested the Funds in CymaBay and traded CymaBay securities based on guidance provided by von Emster as an Abingworth manager and CymaBay "deputized" director.

## STATUTORY REQUISITES

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

8. At all relevant times, common stock issued by CymaBay was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*.

9. At all relevant times, Kurt von Emster served as an "independent director" of CymaBay, while principally employed as a Managing Partner of Abingworth (based out of Abingworth's Menlo Park, California offices). As a director and statutory insider of CymaBay, von Emster was prohibited from exploiting his fiduciary position with the Company to realize short swing trading profits—whether for his own benefit, or as an Abingworth manager, for the benefit of the Funds. Because von Emster participated in managing Abingworth's CymaBay investment, Abingworth and ABV were ascribed with von Emster's presumptive access to non-public information and attributed with von Emster's "insider" status as directors by "deputization" for purposes of Section 16.

10. At all relevant times, Abingworth and ABV were directors by "deputization" and attributed with von Emster's Section 16 insider status because von Emster was authorized, by both Abingworth and CymaBay, to share information reviewed as a member of the Company's board with Abingworth, for the purpose of directing or advising Abingworth to invest in and trade CymaBay securities on behalf of ABV. Section 16 prohibited von Emster from exploiting his fiduciary position to realize short swing trading profits—whether for his own benefit, or for the benefit of Abingworth or ABV. von Emster's application of his "insider" knowledge of the Company to direct securities trading for the benefit of Abingworth and the Abingworth Funds required Abingworth and the Funds to comply with Section 16 restrictions imposed on von Emster as a fiduciary of the Company.

11. While von Emster was a director of CymaBay and Abingworth and ABV were directors by "deputization," von Emster advised and caused Abingworth to invest the Funds in CymaBay and to execute the short swing purchases and sales of CymaBay securities on behalf of the Funds, as further alleged herein. As a result of these purchases and sales, ABV and/or Abingworth collectively realized short swing profits of up to approximately $447,692, which they are required to disgorge to the Company under Section 16(b).

12. Demand for prosecution was made by Plaintiff's letter to CymaBay dated February 12, 2018. On February 23, 2018, the Company responded to Plaintiff's demand by explaining that (as von Emster also disclosed in a Form 4 filing), von Emster had disgorged a total of $692 to the Company, which purportedly constituted von Emster's individual "pecuniary interest" in the profits realized from Abingworth's short swing trading of CymaBay securities through the Funds. Although von Emster's voluntary disgorgement represents only a fraction (approximately 0.15%) of the total profits potentially realized by Abingworth and/or ABV from

short swing trading directed or advised by von Emster, CymaBay declined to challenge Abingworth's denial of any additional Section 16(b) liability owed to the Company by Abingworth or the Funds in respect of their short swing transactions. Instead, CymaBay accepted Abingworth's position that von Emster was not Abingworth's deputized director—notwithstanding the Company's knowledge that von Emster participated in managing Abingworth's investment in CymaBay while serving on the CymaBay board.

13. As of the date of this Complaint, ABV and Abingworth have retained and refused to account for and disgorge their remaining respective "pecuniary interests" in profits of up to $447,000 not included in the Company's recovery from von Emster. Plaintiff brings this action to compel the Company to enforce Section 16(b) by recovering all profits owed by the Defendants from proscribed short swing trading executed or authorized by von Emster as Abingworth's deputized director. Further delay in filing suit would be futile and could prejudice the Company's right to recover.

14. This action is brought within two years of the occurrence of the violations described herein; or within two years of the time when relevant facts concerning the alleged transactions were first disclosed in reports filed with the Securities Exchange Commission ("SEC") as required by Section 16(a) of the Act, 15 U.S.C. § 78p(a), or were otherwise first publicly disclosed or available to Plaintiff.

## FACTUAL BACKGROUND

**A. von Emster's Appointment & Re-Election to the CymaBay**

15. Kurt von Emster was first appointed to the board of directors of CymaBay (then a private company known as Metabolex, Inc.) in or around April 2009, as the designated (i.e., "deputized") representative of MPM BioEquities Master Fund LP, a fund which von Emster had

launched and was then managing as General Partner of the investment firm MPM Capital, Inc. MPM was provided with the right to nominate von Emster to the Board pursuant to a voting agreement executed in connection with MPM's initial investment in the Company.

16. Shortly after von Emster was appointed to the CymaBay board by MPM, von Emster left MPM to co-found the venture capital firm venBio LLC, where von Emster was a Managing Partner until December 2014. In or around January 2015, von Emster joined Abingworth as a Managing Partner, and as one of the mangers of both Abingworth Funds.

17. von Emster remained on the CymaBay board following his departure from MPM, and was subsequently re-nominated by the Company and re-elected to the board as an "independent director" (under NASDAQ Rules) for successive terms since his original appointment as MPM's deputy. The Company's proxy materials filed through April 2014 (while von Emster was a Managing Partner of venBio) continued to disclose von Emster's original appointment to the as MPM's designated representative (i.e., "deputized" director) on the CymaBay board. Beginning in April 2015 (after von Emster joined Abingworth), the Company's proxy materials supporting von Emster's re-election to the board did not mention that von Emster was originally appointed to the board by MPM, but continued to recommend von Emster's re-election based on his "in depth knowledge of the pharmaceutical industry" from years of experience as "an institutional biotechnology and health care analyst and portfolio manager," including as a manager of Abingworth, venBio, and MPM.

B. Abingworth's Investment of the Funds in CymaBay Under von Emster's Management

18. In a prospectus filed on July 14, 2015, CymaBay announced that the Abingworth Funds had collectively agreed to purchase a total of 1,600,000 shares of common stock in the Company's upcoming underwritten public offering, at the public offering price of $2.81 per

share—for a total investment in the Company of up to $4,500,000. The prospectus disclosed that "Kurt von Emster is a director of the Company and a managing partner of Abingworth, which acts as fund manager for [the Abingworth Funds] and disclaims beneficial ownership of the shares that may be purchased in this offering except to the extent of his pecuniary interest therein." The anticipated public offering closed on July 20, 2015.

19. In an SEC Form 4 filed on July 21, 2015, von Emster reported Abingworth's purchase of 1,600,000 CymaBay shares in the July 20, 2015 public offering, consisting of: (i) 533,334 shares purchased by ABV; and (ii) 1,066,666 shares purchased by ABMF. von Emster's Form 4 (and subsequent Form 4 filings), like CymaBay's prospectus announcing Abingworth's investment in the Company, acknowledged that von Emster was a principal manager of Abingworth and exercised voting and investment authority over the CymaBay securities held by the Funds, but disclaimed an (unspecified) individual "pecuniary interest" in the CymaBay securities managed by Abingworth and reported on behalf of the Funds.

C. **Short Swing Trading by the Abingworth Funds Under Von Emster's Management**

20. In Form 4 reports filed with the SEC between October 2, 2017 and February 12, 2018 (inclusive), von Emster reported the following CymaBay securities transactions executed under his direction as a manager of Abingworth and on behalf of the Abingworth Funds, while also serving as a director and fiduciary of CymaBay:

|     | **Date**       | **Purchase / Sale (Fund)** | **No. of Shares** | **Price/Share**           |
| --- | -------------- | -------------------------- | ----------------- | ------------------------- |
| (a) | July 19, 2017  | Purchase (ABV)             | 153,846           | $6.50                     |
| (b) | Sept. 28, 2017 | Sale (ABV/ABMF)            | 90,389            | $8.15 *(weighted avg)*    |
| (c) | Sept. 29, 2017 | Sale (ABV/ABMF)            | 120,735           | $8.04 *(weighted avg)*    |
| (d) | Oct. 2, 2017   | Sale (ABV/ABMF)            | 37,936            | $7.93 *(weighted avg)*    |
| (e) | Oct. 3, 2017   | Sale (ABV/ABMF)            | 70,940            | $7.81 *(weighted avg)*    |
| (f) | Oct. 30, 2017  | Sale (ABV/ABMF)            | 6,636             | $9.26 *(weighted avg)*    |
| (g) | Oct. 31, 2017  | Sale (ABV/ABMF)            | 52,573            | $9.27 *(weighted avg)*    |

|     | Date | Purchase / Sale (Fund) | No. of Shares | Price/Share |
| --- | --- | --- | --- | --- |
| (h) | Nov. 1, 2017 | Sale (ABV/ABMF) | 4,320 | $9.25 *(weighted avg)* |
| (i) | Nov. 10, 2017 | Sale (ABV/ABMF) | 50,048 | $9.26 *(weighted avg)* |
| (j) | Dec. 22, 2017 | Sale (ABV/ABMF) | 173,192 | $9.41 *(weighted avg)* |
| (k) | Jan. 5, 2018 | Sale (ABV/ABMF) | 4,300 | $10.21 *(weighted avg)* |

21. In Form 4 filings reporting the above transactions on behalf of Abingworth and the Funds, von Emster stated that the sales executed on and after October 30, 2017 were effected "pursuant to a Rule 10b5-1 trading plan adopted by the Funds on September 29, 2017."

22. The adoption of a trading plan under SEC Rule 10b5-1, which provides a "safe harbor" from scienter-based liability under Section 10(b), offers no protection from liability under Section 16. Section 16(b) strictly prohibits the realization of profits from purchases and sales within six-month periods, irrespective of the insider's intent, and including for violations that are "pre-planned." Nonetheless, Abingworth's adoption of an insider trading plan evidences Abingworth's acknowledgment of the "insider" access and privileged trading position enjoyed by Abingworth (i.e., through von Emster as Abingworth's "deputized" CymaBay director) for purposes of the insider trading restrictions imposed under both Sections of the Act.

## CLAIM FOR RELIEF

**COUNT I: Profits Recoverable Under Section 16(b) of the Securities Exchange Act**

23. As directors by deputization and Section 16 insiders, Abingworth and ABV are required to disgorge their respective proportional pecuniary interests in any profits realized from the purchase and sales executed by Abingworth on behalf of the Funds.

24. ABV had a direct, non-exempt pecuniary interest in the securities purchased by Abingworth on July 19, 2017 (as identified at Paragraph 20(a)), and in some or all of the securities sold by Abingworth within the subsequent six-month period (as identified at Paragraph

20(b)-(k)). ABV is strictly required to disgorge all profits realized from ABV's Paragraph 20(a) purchase and any of ABV's Paragraph 20 sales to the Company under Section 16(b).

25. Additionally, Abingworth (and/or individual Abingworth managers, including von Emster) had an indirect pecuniary interest in the CymaBay securities traded by or on behalf of both Abingworth Funds, in the form of non-exempt "performance fees" earned by Abingworth from managing the Funds. Abingworth must disgorge any performance fees derived from the purchases and sales of CymaBay securities by either of the Funds to the Company, to the extent such profits are not duplicative of profits disgorged by ABV pursuant to the above Paragraph, or included within von Emster's individual "pecuniary interest" disgorgement to the Company prior to the commencement of this action.

26. By matching all of the alleged transactions pursuant to the lowest-in, highest-out method prescribed under the statute, Plaintiff estimates that Defendants may be required to disgorge total profits of up to $447,692; which is reduced to $447,000 after accounting for profits of $692 previously disgorged by von Emster. This estimate is subject to further revision following discovery concerning, e.g., the number of shares sold by each of the Abingworth Funds in connection with the identified short swing transactions; the extent of any performance fees constituting Abingworth's additional pecuniary interest in the Funds; and additional facts as may be relevant to either Defendant's liability under Section 16(b).

## DEMAND FOR JURY TRIAL

27. Plaintiff hereby demands a trial by jury as to all issues so triable.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring ABV and/or Abingworth to account for, and to pay over to CymaBay, all short swing profits realized and retained in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff his costs and disbursements, including reasonable attorney's, accountant's and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
April 14, 2019

Respectfully submitted,

*s/* *Miriam Tauber*
Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Avenue 2A
New York, New York 10075
Tel: 323.790.4881
Email: MiriamTauberLaw@gmail.com

*s/* *David Lopez*
David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road (PO Box 323)
Southampton, New York 11969
Tel: 631.287.5520
Email: DavidLopezEsq@aol.com

*Attorneys for Plaintiff Aaron Rubenstein*